Wright, Finlay & Zak, LLP
Donna L. LaPorte, Esq. SBN 93428
Nichole Glowin, Esq., SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
dlaporte@wrightlegal.net, nglowin@wrightlegal.net

Attorneys for Movant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, its successors and/or assigns

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>CARLOS FLORES-CARRILLO aka CARLOS ROBERTO FLORES dba PACIFICA GROUP 49/II aka CAROLINE GARDNIER<br><br>      Debtor. | Chapter: 7<br>Case No.: 09-21391-KT<br><br>**MOTION TO REOPEN BANKRUPTCY CASE**<br><br>Hearing Date: 8/24/10<br>Hearing Time: 10:00 am<br>Courtroom: 301<br>Location: 21041 Burbank Boulevard<br>         Woodland Hills, California 91367 |

Movant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, its successors and/or assigns ("Movant"), hereby respectfully submit their Motion to Reopen Bankruptcy Case No. 09-21391-KT ("Motion") based on the following:

///

///

- 1-
**MOTION TO REOPEN BANKRUPTCY CASE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Movant, is the current owner of debtor's, CARLOS FLORES-CARRILLO aka CARLOS ROBERTO FLORES dba PACIFICA GROUP 49/II aka CAROLINE GARDNIER ("Debtor") former real property located at 1132-1134 1/2 East 81st Street, Los Angeles, CA 90001("Property"), which Movant purchased at trustee's sale ("Sale").[1]

The Sale on the Property was conducted on or about, February 5, 2010[2], without notice of the filing of this bankruptcy case and in good faith reliance of the dismissal of the three previous bankruptcy actions filed concerning the Property.[3] Unfortunately, this current bankruptcy case, the fourth case filed concerning the Property, was commenced shortly before the completion of the Sale, on or about August 31, 2009.[4]

Following the discovery of the commencement of this bankruptcy case, Movant filed a motion for relief from the automatic stay ("Relief Motion") in order to validate the Sale and their purchase of the Property.[5] Although the Relief Motion was granted, the Relief Motion inadvertently did not seek the necessary annulment of the automatic stay to validate the Sale.[6] Before annulment could be sought the instant bankruptcy case was dismissed and closed.[7] Movant therefore seeks an order reopening this bankruptcy case for the limited purpose of allowing Movant to obtain relief from and annulment of the automatic to validate the Sale and to allow Movant to fully exercise their rights in the Property.

## II. STATEMENT OF FACTS

Prior to April, 2007, the real property located at 1132-1134 1/2 East 81st Street, Los Angeles, CA 90001("Property") was owned by Jarrell D. Davis ("Jarrell Davis").[8] On or about April 3, 2007, Jarrell Davis ("Jarrell Davis"), for valuable consideration, executed and delivered

---

[1] See RJN, at Exhibit "17," TDUS.
[2] Id.
[3] See RJN at Exhibits "8," "11," and "15," Order Dismissing the First Second and Third Bankruptcy Actions.
[4] See RJN at Exhibit "16," docket for the Fourth Bankruptcy Action.
[5] See RJN at Exhibit "18," Second Relief Motion.
[6] RJN at Exhibit "18," Second Relief Motion at pg. 4 and pg. 8.
[7] See RJN at Exhibit "20," Order Dismissing the Fourth Bankruptcy Action.
[8] A true and correct copy of the Grant Deed is attached as Exhibit "1" to the accompanying Request for Judicial Notice ("RJN") and is incorporated herein by reference as though set forth in full.

---

- 2-
**MOTION TO REOPEN BANKRUPTCY CASE**

a Note ("Note") in favor of American Brokers Conduit ("Lender"), in the principal sum of $472,000.00. As security for the Note, Jarrell Davis concurrently executed a deed of trust ("Deed of Trust") in favor of Lender against the Property which was recorded in the Official Records for Los Angeles County, on April 5, 2007, as Instrument No. 2007-0812313.[9] The Note and Deed of Trust were subsequently assigned to the Movant by way of an Assignment recorded in the official records for the County of Los Angeles on September 23, 2009, as Instrument No. 2009-1445842 ("Assignment").[10]

Shortly after executing the Note and Deed of Trust, Jarrell Davis fell behind on his monthly mortgage payments due under the Note and Deed of Trust, thereby resulting in the commencement of foreclosure proceedings on the Property.[11] In order to stop the pending foreclosure proceedings on the Property, Jarrell Davis caused a 50% interest in the Property to be transferred multiple times to different entities, and said entities filed several bankruptcy petitions concerning the Property.

On or about June 2, 2008, Jarrell Davis, transferred a 50% right, title and interest in the Property to The Southland Decision Operation ("Southland Decision"), as a gift for no consideration, by way of a Corporation Grant Deed recorded in the Official Records for the County of Los Angeles as Instrument No. 2008-0966422 ("Corporation Grant Deed").[12] On the same day as the recordation of the Corporation Grant Deed, Denise Johnson aka Southland Decision Operation ("Southland Decision") filed a petition under Chapter 13 of the United States Bankruptcy Code, thereby commencing Case No. 08-17810-EC ("First Bankruptcy Action").[13] The First Bankruptcy Action was subsequently dismissed by Order of the Court, due to Debtor's,

---

[9] A true and correct copy of the Deed of Trust is attached as Exhibit "2" to RJN and is incorporated herein by reference as though set forth in full.
[10] A true and correct copy of the Assignment is attached as Exhibit "3" to the RJN and is incorporated herein by reference as though set forth in full.
[11] See true and correct copies of the Notice of Default and Notice of Trustee's Sale attached as Exhibits "4" and "5," respectively and collectively to the RJN, which are incorporated herein by reference as though set forth in full.
[12] A true and correct copy of the Corporation Grant Deed is attached as Exhibit "6" to the RJN and is incorporated herein by reference as though set forth in full.
[13] A true and correct copy of the Bankruptcy Docket for the First Bankruptcy Action is attached as Exhibit "7" to the RJN and is incorporated herein by reference as though set forth in full.

- 3 -
**MOTION TO REOPEN BANKRUPTCY CASE**

Southland Decision's, failure to appear at the 341(a) meeting of creditors ("Order Dismissing the First Bankruptcy Action").[14]

On or about September 15, 2008, Southland Decision transferred all of its right, title and 50% interest in the Property to Pacifica Group 49/II ("Pacifica Group"), as a gift for no consideration, by way of a Trust Transfer Grant Deed recorded in the Official Records for the County of Los Angeles, as Instrument No. 2008-2008-1656964 ("Trust Grant Deed").[15] Shortly thereafter, on or about May 5, 2009, Tabletha King dba Pacific Group 49/II ("Pacific Group"), filed a petition under Chapter 13 of the United States Bankruptcy Code, thereby commencing Case No. 09-20758-VZ ("Second Bankruptcy Action").[16] Like the First Bankruptcy Action, the Second Bankruptcy Action was dismissed by Order of the Court in June of 2009, due to Debtor's, Pacifica Group's, failure to file necessary documents ("Order Dismissing the Second Bankruptcy Action").[17]

On or about August 18, 2009, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Soledad Rojas dba as Pacifica Group 49/II ("Pacifica Group"), thereby commencing Case No. 09-20653-KT ("Third Bankruptcy Action").[18] Movant filed a Motion for Relief from the Automatic Stay ("Relief Motion")[19] in the Third Bankruptcy Action, on or about March 25, 2010, however the Relief Motion was denied as moot ("Order Denying Relief Motion")[20] as the Third Bankruptcy Action was dismissed by Order of the Court

---

[14] A true and correct copy of the Order Dismissing the First Bankruptcy Action is attached as Exhibit "8" to the RJN and is incorporated herein by reference as though set forth in full.
[15] A true and correct copy of the Trust Grant Deed is attached as Exhibit "9" to the RJN and is incorporated herein by reference as though set forth in full.
[16] A true and correct copy of the Bankruptcy Docket for the Second Bankruptcy Action is attached as Exhibit "10" to the RJN and is incorporated herein by reference as though set forth in full.
[17] A true and correct copy of the Order Dismissing the Second Bankruptcy Action is attached as Exhibit "11" to the RJN and is incorporated herein by reference as though set forth in full.
[18] A true and correct copy of the Bankruptcy Docket in the Third Bankruptcy Action is attached as Exhibit "12" to the RJN and is incorporated herein by reference as though set forth in full.
[19] A true and correct copy of the Relief Motion is attached as Exhibit "13" to the RJN and is incorporated herein by reference as though set forth in full.
[20] A true and correct copy of the Order Denying Relief Motion is attached as Exhibit "14" to the RJN and is incorporated herein by reference as though set forth in full.

entered on September 23, 2009, for failure of any party to appear at the status conference hearing set in the Third Bankruptcy Action ("Order Dismissing the Third Bankruptcy Action"). [21]

While the Third Bankruptcy Action was still pending, on or about August 31, 2009, a second involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Carlos Flores-Carrillo aka Carlos Roberto Flores dba Pacifica Group 49/II aka Caroline Gardnier ("Pacifica Group"), thereby commencing the within case, Case No. 09-21391-KT ("Fourth Bankruptcy Action").[22] Movant is informed and believes and thereon alleges that no notice of the filing of the Fourth Bankruptcy Action was provided to the to the trustee or successor trustee under the Note and Deed of Trust. As a result, in good faith reliance on the dismissal of the Third Bankruptcy Action, on or about February 5, 2010, the trustee or successor trustee under the Note and Deed of Trust conducted a non-judicial trustee's foreclosure sale ("Sale") and the Movant purchased the Property at the Sale.[23] Thereafter, Movant perfected their interest in the Property by recording a Trustee's Deed Upon Sale ("TDUS")[24] on title to the Property within the time allotted by state law.

After discovering the existence of the Fourth Bankruptcy Action, Movant filed a Motion for Relief from Automatic Stay ("Second Relief Motion")[25] with a request for annulment in the Fourth Bankruptcy Action. Unfortunately, however, Movant only checked the annulment relief box on the face pages of the Second Relief Motion and forgot to check the box in their requested relief.[26] Accordingly, when the Court entered the Order granting the Second Relief Motion on April 30, 2010 ("Order Granting Second Relief Motion")[27], no annulment was granted. On or about May 3, 2010, the Fourth Bankruptcy Action was dismissed by Order of the Court, for

---

[21] A true and correct copy of the Order Dismissing the Third Bankruptcy Action is attached as Exhibit "15" to the RJN and is incorporated herein by reference as though set forth in full.
[22] A true and correct copy of the Bankruptcy Docket for the Fourth Bankruptcy Action is attached as Exhibit '16" to the RJN and is incorporated herein by reference as though set forth in full.
[23] See RJN at Exhibit "17," TDUS.
[24] A true and correct copy of the TDUS is attached as Exhibit "17" to the RJN and is incorporated herein by reference as though set forth in full.
[25] A true and correct copy of the Second Relief Motion is attached as Exhibit "18" to the RJN and is incorporated herein by reference as though set forth in full.
[26] See RJN at Exhibit "18," Second Relief Motion at pg. 4 and pg. 8.
[27] A true and correct copy of the Order Granting the Second Relief Motion is attached as Exhibit "19" to the RJN and is incorporated herein by reference as though set forth in full.

failure of any party to appear at the status conference hearing set in the Third Bankruptcy Action ("Order Dismissing the Fourth Bankruptcy Action").[28]

Movant discovered that their Second Relief Motion and the Order thereon failed to provide them with annulment relief to validate the foreclosure Sale after the entry of the Order Dismissing the Fourth Bankruptcy Action. Additionally, Movant discovered an issue with the legal description provided in the Second Relief Motion and the Order Granting the Second Relief Motion. Due to this error, Movant is required to re-open this bankruptcy case, aka the Fourth Bankruptcy Action, annul the automatic stay and validate their foreclosure Sale so that they may regain possession of the Property.

### III. ARGUMENT

Federal Rule of Bankruptcy Procedure Rule 5010 states that a case may be reopened upon a motion by the debtor or other party in interest pursuant to 11 U.S.C. § 350(b). 11 U.S.C. §350(b) sets forth the grounds for which a case can be reopened and provides, in pertinent part, that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Movant brings the within Motion to reopen this case, aka the Fourth Bankruptcy Action, for the limited and proper purpose to obtain relief from and annulment of the automatic stay to validate the foreclosure Sale. Cause exists to grant said motion in that the Sale was conducted on the Property without knowledge of the operation of the automatic stay in the Fourth Bankruptcy Action and in good faith reliance of the dismissal of the three previous bankruptcies concerning on the Property.[29] Further cause exists in that Movant, attempted to obtain annulment relief in the Fourth Bankruptcy Action prior to closing, however, as set forth above, due to an innocent error; annulment was not granted.

Movant is precluded from regaining possession of the Property due to the operation of the automatic stay in the current Fourth Bankruptcy Action. Because annulment of the stay is

---

[28] A true and correct copy of the Order Dismissing the Fourth Bankruptcy Action is attached as Exhibit "20" to the RJN and is incorporated herein by reference as though set forth in full.
[29] See RJN at Exhibits "8," "11," and "15," Order Dismissing the First Second and Third Bankruptcy Actions.

necessary to validate the Sale and solidify Movant's possession of the Property, the relief sought in the instant motion is necessary and should be afforded to the Movant who has suffered long delays due to the multiple transfer and bankruptcies concerning the Property.

### IV. CONCLUSION

Based on the foregoing, Movant requests that this Court enter an order reopening the instant bankruptcy case, aka the Fourth Bankruptcy Action, for the limited purpose of permitting Movant to seek relief from and annulment of the automatic stay.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 22, 2010    By:    */s/ Nichole L. Glowin*
Nichole L. Glowin, Esq.
Donna L. La Porte, Esq.
Attorneys' for Movant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, its successors and/or assigns