Wright, Finlay & Zak, LLP
Donna L. LaPorte, Esq. SBN 93428
Nichole Glowin, Esq., SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
dlaporte@wrightlegal.net, nglowin@wrightlegal.net

Attorneys for Movant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>CARLOS FLORES-CARRILLO aka CARLOS ROBERTO FLORES dba PACIFICA GROUP 49/II aka CAROLINE GARDNIER<br>Debtor. | Chapter: 7<br>Case No.: 09-21391-KT<br><br>**DECLARATION OF NICHOLE L. GLOWIN ESQ. IN SUPPORT OF MOTION TO REOPEN BANKRUPTCY CASE**<br><br>Hearing Date: 8/24/10<br>Hearing Time: 10:00 am<br>Courtroom: 301<br>Location: 21041 Burbank Boulevard<br>Woodland Hills, California 91367 |

I, Nichole L. Glowin, Esq., declare as follows:

1. I am an attorney licensed to practice before all the courts of the State of California, and am an associate with the law offices of Wright, Finlay & Zak, LLP, ("Firm"), the attorneys of record for movant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3, its successors and/or assigns ("Deutsche Bank" or "Movant"). In this capacity, I am one of the custodians of the books, records, files and banking records of Movan,

as those books, records, files and banking records pertain to the subject loan described herein. These records are made by Movant in the ordinary course of business by persons who have a business duty to make such records. These records were made at or near the time of the occurrence of the event or events of which they are a record. I have personally reviewed Movant's records as they relate to the loan obligation referred to herein, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the Movant's business records.

2. I have personal knowledge of the facts set forth herein based on my review of the file and documents in this case, and, if called upon to testify, I could and would testify competently thereto.

3. Prior to April, 2007, the real property located at 1132-1134 1/2 East 81st Street, Los Angeles, CA 90001("Property") was owned by Jarrell D. Davis ("Jarrell Davis"), a single man as his sole and separate property, who obtained title to the Property by way of a Grant Deed recorded in the Official Records for the County of Los Angeles, on or about April 5, 2007, as Instrument No. 2007-0812312 ("Grant Deed").[1]

4. On or about April 3, 2007, Jarrell Davis, for valuable consideration, executed and delivered a Note ("Note") in favor of American Brokers Conduit ("Lender"), in the principal sum of $472,000.00. As security for the Note, Jarrell Davis concurrently executed a deed of trust ("Deed of Trust") in favor of Lender against the Property which was recorded in the Official Records for Los Angeles County, on April 5, 2007, as Instrument No. 2007-0812313.[2] The Note and Deed of Trust were subsequently assigned to the Movant by way of an Assignment recorded in the official records for the County of Los Angeles on September 23, 2009, as Instrument No. 2009-1445842 ("Assignment").[3]

---

[1] A true and correct copy of the Grant Deed is attached as Exhibit "1" to the accompanying Request for Judicial Notice ("RJN") and is incorporated herein by reference as though set forth in full.

[2] A true and correct copy of the Deed of Trust is attached as Exhibit "2" to RJN and is incorporated herein by reference as though set forth in full.

[3] A true and correct copy of the Assignment is attached as Exhibit "3" to the RJN and is incorporated herein by reference as though set forth in full.

5. Shortly after executing the Note and Deed of Trust, Jarrell Davis fell behind on his monthly mortgage payments due under the Note and Deed of Trust, thereby resulting in the commencement of foreclosure proceedings on the Property. Several Notices of Default and Notice of Trustee's Sale were recorded on title to the Property, as the foreclosure sale continued to be postponed due to the multiple bankruptcy filings set forth below.[4]

6. On or about June 2, 2008, Jarrell Davis, transferred a 50% right, title and interest in the Property to The Southland Decision Operation ("Southland Decision"), as a gift for no consideration, by way of a Corporation Grant Deed recorded in the Official Records for the County of Los Angeles as Instrument No. 2008-0966422 ("Corporation Grant Deed").[5] Movant is informed and believes and thereon alleges that this transfer was undertaken to stop the pending foreclosure proceedings on the Property.

7. On the same day as the recordation of the Corporation Grant Deed, Denise Johnson aka Southland Decision Operation ("Southland Decision") filed a petition under Chapter 13 of the United States Bankruptcy Code, thereby commencing Case No. 08-17810-EC ("First Bankruptcy Action").[6] Movant is informed and believes and thereon alleges that the First Bankruptcy Action was filed in bad faith to stall the foreclosing proceedings on the Property.

8. On or about July 25, 2008, the First Bankruptcy Action was dismissed by Order of the Court, due to Debtor's, Southland Decision's, failure to appear at the 341(a) meeting of creditors ("Order Dismissing the First Bankruptcy Action").[7]

9. On or about September 15, 2008, Southland Decision transferred all of its right, title and 50% interest in the Property to Pacifica Group 49/II ("Pacifica Group"), as a gift for no

---

[4] See true and correct copies of the Notice of Default and Notice of Trustee's Sale attached as Exhibits "4" and "5," respectively and collectively to the RJN, which are incorporated herein by reference as though set forth in full.
[5] A true and correct copy of the Corporation Grant Deed is attached as Exhibit "6" to the RJN and is incorporated herein by reference as though set forth in full.
[6] A true and correct copy of the Bankruptcy Docket for the First Bankruptcy Action is attached as Exhibit "7" to the RJN and is incorporated herein by reference as though set forth in full.
[7] A true and correct copy of the Order Dismissing the First Bankruptcy Action is attached as Exhibit "8" to the RJN and is incorporated herein by reference as though set forth in full.

consideration, by way of a Trust Transfer Grant Deed recorded in the Official Records for the County of Los Angeles, as Instrument No. 2008-2008-1656964 ("Trust Grant Deed").[8]

10. On or about May 5, 2009, Tabletha King dba Pacific Group 49/II ("Pacific Group"), filed a petition under Chapter 13 of the United States Bankruptcy Code, thereby commencing Case No. 09-20758-VZ ("Second Bankruptcy Action").[9] Movant is informed and believes and thereon alleges that the filing of the Second Bankruptcy Action was done in bad faith to stall the pending foreclosure proceedings on the Property.

11. On or about June 3, 2009, the Second Bankruptcy Action was dismissed by Order of the Court, due to Debtor's, Pacifica Group's, failure to file necessary documents ("Order Dismissing the Second Bankruptcy Action").[10]

12. On or about August 18, 2009, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against Soledad Rojas dba as Pacifica Group 49/II ("Pacifica Group"), thereby commencing Case No. 09-20653-KT ("Third Bankruptcy Action").[11] Movant filed a Motion for Relief from the Automatic Stay ("Relief Motion")[12] in the Third Bankruptcy Action, on or about March 25, 2010, however the Relief Motion was denied as moot ("Order Denying Relief Motion")[13] as the Third Bankruptcy Action was dismissed by Order of the Court entered on September 23, 2009, for failure of any party to appear at the status conference hearing set in the Third Bankruptcy Action ("Order Dismissing the Third Bankruptcy Action"). [14]

---

[8] A true and correct copy of the Trust Grant Deed is attached as Exhibit "9" to the RJN and is incorporated herein by reference as though set forth in full.

[9] A true and correct copy of the Bankruptcy Docket for the Second Bankruptcy Action is attached as Exhibit "10" to the RJN and is incorporated herein by reference as though set forth in full.

[10] A true and correct copy of the Order Dismissing the Second Bankruptcy Action is attached as Exhibit "11" to the RJN and is incorporated herein by reference as though set forth in full.

[11] A true and correct copy of the Bankruptcy Docket in the Third Bankruptcy Action is attached as Exhibit "12" to the RJN and is incorporated herein by reference as though set forth in full.

[12] A true and correct copy of the Relief Motion is attached as Exhibit "13" to the RJN and is incorporated herein by reference as though set forth in full.

[13] A true and correct copy of the Order Denying Relief Motion is attached as Exhibit "14" to the RJN and is incorporated herein by reference as though set forth in full.

[14] A true and correct copy of the Order Dismissing the Third Bankruptcy Action is attached as Exhibit "15" to the RJN and is incorporated herein by reference as though set forth in full.

13. On or about August 31, 2009, while the Third Bankruptcy Action was still pending, a second involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Carlos Flores-Carrillo aka Carlos Roberto Flores dba Pacifica Group 49/II aka Caroline Gardnier ("Pacifica Group"), thereby commencing Case No. 09-21391-KT ("Fourth Bankruptcy Action").[15]

14. Movant is informed and believes and thereon alleges that no notice of the filing of the Fourth Bankruptcy Action was provided to the to the trustee or successor trustee under the Note and Deed of Trust. As a result, in good faith reliance on the dismissal of the Third Bankruptcy Action, on or about February 5, 2010, the trustee or successor trustee under the Note and Deed of Trust conducted a non-judicial trustee's foreclosure sale ("Sale") and the Movant purchased the Property at the Sale.[16] Thereafter, Movant perfected their interest in the Property by recording a Trustee's Deed Upon Sale ("TDUS")[17] on title to the Property within the time allotted by state law. Accordingly, Movant is the lawful owner of the Property.

15. After discovering the existence of the Fourth Bankruptcy Action, Movant filed a Motion for Relief from Automatic Stay ("Second Relief Motion")[18] with a request for annulment in the Fourth Bankruptcy Action. Unfortunately, however, Movant only checked the annulment relief box on the face pages of the Second Relief Motion and forgot to check the box in their requested relief.[19] Accordingly, when the Court entered the Order granting the Second Relief Motion on April 30, 2010 ("Order Granting Second Relief Motion")[20], no annulment was granted.

---

[15] A true and correct copy of the Bankruptcy Docket for the Fourth Bankruptcy Action is attached as Exhibit '16" to the RJN and is incorporated herein by reference as though set forth in full.
[16] See RJN at Exhibit "17," TDUS.
[17] A true and correct copy of the TDUS is attached as Exhibit "17" to the RJN and is incorporated herein by reference as though set forth in full.
[18] A true and correct copy of the Second Relief Motion is attached as Exhibit "18" to the RJN and is incorporated herein by reference as though set forth in full.
[19] See RJN at Exhibit "18," Second Relief Motion at pg. 4 and pg. 8.
[20] A true and correct copy of the Order Granting the Second Relief Motion is attached as Exhibit "19" to the RJN and is incorporated herein by reference as though set forth in full.

16. On or about May 3, 2010, the Fourth Bankruptcy Action was dismissed by Order of the Court, for failure of any party to appear at the status conference hearing set in the Third Bankruptcy Action ("Order Dismissing the Fourth Bankruptcy Action").[21]

17. After the entry of the Order Dismissing the Fourth Bankruptcy Action, Movant discovered that their Second Relief Motion and the Order thereon failed to provide them with annulment relief to validate the foreclosure Sale. Additionally, Movant discovered an issue with the legal description provided in the Second Relief Motion and the Order Granting the Second Relief Motion. Due to this error, Movant is required to re-open the Fourth Bankruptcy Action to validate their foreclosure Sale so that they may regain possession of the Property. A motion to for relief and annulment of the automatic stay has been filed in conjunction with this current Motion to reopen to seek the necessary relief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of July, 2010, at Newport Beach, CA 92660.

*/s/ Nichole L. Glowin, Esq.*
Nichole L. Glowin, Esq., Declarant

[21] A true and correct copy of the Order Dismissing the Fourth Bankruptcy Action is attached as Exhibit "20" to the RJN and is incorporated herein by reference as though set forth in full.